# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 918 RIDERZ, INC., an Oklahoma Not-for-Profit Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 09-CV-126-GKF-FHM |
| IVERY WELLS, an individual; LARISSA BOGANS, an individual; RODNEY MOSES, an individual; and THE ORIGINAL 918 RIDERZ, INC., | ) ) ) | |
| Defendants. | | |

## **OPINION AND ORDER**

This matter comes before the court on plaintiff's Motion to Remand [Doc. No. 11]. For the reasons set forth below, plaintiff's motion is granted.

### I. Background

This action arises from a dispute between current and former members of a motorcycle club over competing claims to the club's name, "918 Riderz." Plaintiff, 918 Riderz, Inc., alleges it is a social organization that promotes safe and effective means of motorcyclist group riding and conduct that will enhance the image of the motorcycle riders and promote a common bond of friendship among members. [Doc. No. 2-2, Original Petition, ¶10]. Plaintiff states that for approximately six years, plaintiff's members have used the name "918 Riderz" "to signify the quality and reputation of their organization and have worked hard to earn significant good will and develop a good reputation in the Tulsa community." [*Id.*] The group has raised money to support charitable organizations, such as the Sickle Cell Disease Association of America, Oklahoma chapter, and has sponsored various events including the "First Friday" events at the Greenwood Cultural Center and the Sickle Cell Disease Association Holiday Event and the

Summer Family Picnic Event–all of which have enhanced the trade name recognition and reputation of the organization. [*Id.,* ¶¶10-11]. Plaintiff contends its trade name has been continuously and exclusively used since 2003. [*Id.,* ¶12]. Plaintiff applied for registration of a federal trademark/service mark with the United States Patent and Trademark Office and received filing serial number 77654470 on January 21, 2009 and plaintiff alleges it acquired the exclusive right to use its corporate name, "918 Riderz, Inc." by reserving it on January 22, 2009, with the Oklahoma Secretary of State pursuant to 18 O.S. §1139. [*Id.,* ¶14]. Plaintiff was incorporated on February 12, 2009. [*Id.,* ¶15].

Plaintiff alleges the individual defendants were originally associated with the plaintiff's organization, but "decided to denounce their memberships" in or about December 2008. [*Id.*, ¶¶16-17]. Also in or about December 2008, plaintiff's representatives and the individual defendants agreed that plaintiff would continue to have exclusive ownership of the name 918 Riderz. [*Id.,* ¶18]. Subsequently, however, defendants adopted as their trade name "Original 918 Riderz;" caused the trademark "Original 918 Riders M.C." to be registered with the Secretary of State on or about January 23, 2009, and the trademark "918 Riderz M.C." to be registered on or abaout January 28, 2009; and incorporated "The Original 918 Riderz, Inc.," on January 28, 2009, despite the parties' agreement. [*Id.,* ¶¶19-22].

Plaintiff alleges defendants' use of "a confusingly similar name" is likely to–and has–deceived, confused and misled prospective customers and member and venue managers into believing defendants' organization is associated with or the same as plaintiff. [*Id.,* ¶27]. Plaintiff sent a "cease and desist" letter to defendants on January 16, 2009, but defendants have failed to comply. [*Id.,* ¶¶28-29].

Plaintiff brought this action in state court, alleging defendants' conduct violates the Oklahoma Deceptive Trade Practices Act, 78 O.S. §51 *et seq.*; infringes trademark rights under Oklahoma laws, 78 O.S. §21 *et seq.*; and tortiously interferes with plaintiff's business relationships. [*Id.*, ¶1].

Defendants removed the case to federal court pursuant to 28 U.S.C. §1331 on the basis of federal question jurisdiction and plaintiff filed the pending Motion to Remand pursuant to 28 U.S.C. §1447, alleging removal was improper. Defendants argue plaintiff's statement in its petition that it had applied for registration of a federal trademark/service mark with the United States Patent and Trademark Office demonstrates that "the Petition clearly seeks to enforce Plaintiff's purported protections under federal trademark laws." [Doc. No. 12, p. 2]. Hence, defendants contend, federal question jurisdiction exists.

## II. Analysis

The rules governing removal to federal court are well-established, requiring that parties who seek to be heard in federal court demonstrate either the presence of a federal question or complete diversity of parties. *See* 28 U.S.C. §1441. Defendants in this case base their removal on the alleged presence of a federal question. As the Tenth Circuit has explained, it is the plaintiff's prerogative to include, or not, a claim arising under federal law:

> The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Felix v. Lucent Technologies,* 387 F.3d 1146, 1154 (10th Cir. 2004) (internal citations omitted); *see also Qwest Corp. V. Santa Fe, New Mexico,* 380 F.3d 1258, 1264, n. 1 (10th Cir. 2004) ("By

3

omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court."). However, the "artful pleading" doctrine, which is an exception to the "well pleaded complaint" rule, provides that "where the plaintiff necessarily has available no legitimate or viable state cause of action, but only a federal claim he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law." *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 390 U.S. 557, 559 (1968).

Defendants, invoking the artful pleading doctrine, contend that because plaintiff applied for trademark registration of its name under federal law and allege common law trade name infringement, "a right or privilege arising under federal law"–namely the Lanham Act, 15 U.S.C. §1051 *et seq.*–is at issue, and federal jurisdiction therefore exists. [Doc. No. 3, ¶3]. Defendants argue plaintiff "is seeking to enforce its purported federal trademark," [Doc. No. 12, p. 6], and the petition "sets forth a showdown between federal and state law trademarks." [*Id.,* p. 7].

The question before this court, then, is whether plaintiff has a legitimate or viable state cause of action. Clearly, it does. *See* 78 O.S. §21 *et seq.* (trademark registration); 78 O.S. §51 *et seq.* (Oklahoma Deceptive Trade Practices Act); 18 O.S. §1006(A)(1) (prohibiting incorporation under a name deceptively similar to another); *D.W.G., Inc. V. Gordon's Jewelry Company of Oklahoma, Inc.,* 635 P.2d 326, 328 (Okla. 1981) ("For more than 400 years the common law has recognized the right of a trademark owner to use it exclusively, and has awarded damages for the deprivation of such use.") The court in *Gordon's Jewelry,* in discussing the elements of a common law claim for trade name infringement, commented:

> In Oklahoma registration and approval by the Secretary of State of a corporate name does not itself guarantee the owner of a name the exclusive right to use it. Such registration can always be challenged by a person claiming "prior use" of the name.

> Prior registration of a trademark is but only prima facie evidence of the exclusive ownership of a particular mark. The timely and bona fide use by another of the same or a similar mark may materially affect the right of exclusivity claimed by the registrant and may represent a valid defense in a suit for infraction.

*Id.* Here, while alleging it has filed for federal trademark registration, plaintiff has *not* asserted a claim for federal trademark infringement, and has also asserted both registration of the name with the Secretary of State and prior continuing use of the name since 2003. Thus, plaintiff's claims are *not* based solely on federal law,[1] but rather are grounded in state common and statutory law.

### III. Conclusion

For the foregoing reasons, plaintiff's Motion to Remand [Doc. No. 11] is granted. This case is remanded to state court.

ENTERED this 19th day of August, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[1] Plaintiff states that its prayer for treble damages was a scrivener's error made under extreme time constraints due to its attempt to obtain a temporary restraining order against defendants. The prayer does not constitute a Lanham Act claim and does not give rise to federal question jurisdiction.